IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN AND JANE DOE 2, | ) | |
| INDIVIDUALLY, and as GUARDIANS | ) | |
| AD LITEM OF MINOR CHILD DOE 2, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | 1:03CV00669 |
| | ) | |
| ORTHO-CLINICAL | ) | |
| DIAGNOSTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

BEATY, District Judge.

In this case, Plaintiffs John and Jane Doe 2 ("Plaintiffs") bring suit based upon their

contention that the thimerosal in Defendant Ortho-Clinical Diagnostics, Inc.'s ("Ortho-Clinical")

product RhoGAM® caused their child's autism. This matter is presently before the Court on a

July 19, 2005 Motion by Ortho-Clinical for Summary Judgment [Document #31] pursuant to

Rule 56 of the Federal Rules of Civil Procedure. Ortho-Clinical's sole argument for summary

judgment in this Motion is that at the time that Ortho-Clinical filed this Motion, that is, on July

19, 2005, prior to the close of discovery, Plaintiffs had not yet designated an expert to show

causation, nor had they provided any expert's report to Defendant as required by the Joint Rule

26(f) Report and Order entered on December 16, 2004. The December 16, 2004 Joint Rule 26(f)

Report and Order [Document #25] required Plaintiffs to submit any expert reports by July 1,

2005.

However, after Ortho-Clinical filed its July 19, 2005 Summary Judgment Motion, the Magistrate Judge held a hearing in this case regarding various discovery issues, and subsequently entered a revised Rule 26(f) Scheduling Order [Document #49], providing for a new deadline of November 15, 2005 for Plaintiffs to designate their experts. Plaintiffs have apparently now designated at least three experts, including Boyd Haley, Ph.D., George Lucier, Ph.D., and Mark Geier, M.D., Ph.D. In response to this designation, Ortho-Clinical filed a Motion to Exclude [Document #63] seeking to exclude the evidence and testimony based upon Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113 S. Ct. 2786 (1993). The Court will consider the Daubert motion after it has been fully briefed by the parties. At this time, however, the Court finds that Otho-Clinical's July 19, 2005 Motion for Summary Judgment [Document #31] was premature and is now moot given the subsequent extension of discovery deadlines. Therefore, Defendant's July 19, 2005 Motion for Summary Judgment [Document #31] is DENIED AS MOOT.

This, the 16th day of March, 2006.

_____
United States District Judge